IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2018 JUN 29 PM 1:19
STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| Alfredo Rodriguez, Janette Rodriquez, Gerardo Rodriguez, Leticia Tostado, Yesenia Rodriguez, Clarissa Perez, Roberto Guzman, Emanuel Guzman and G.A.G., a minor by his next friend Janette Rodriguez.<br><br>*Plaintiffs*,<br><br>v.<br><br>James M. Seckman and Seckman Farms, Inc.<br><br>*Defendants*. | Civil Action No. 18-CV-105-F<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

### I.  PRELIMARY STATEMENT

**1.** This is an action for damages and declaratory relief brought by nine migrant agricultural workers from South Texas who were employed by Defendants in Powell, Wyoming in the summer of 2016 to weed bean fields. While the Plaintiffs worked for the Defendants on their bean farms, Defendants did not provide drinking water or bathrooms. Additionally, Defendants did not maintain or provide accurate employment records or post notice of the Plaintiffs' rights under applicable employment law statutes. Moreover, Plaintiffs were not paid the promised wage or provided with pay stubs reflecting their hours worked or pay received. Plaintiffs, by and through their undersigned counsel, bring forth this civil action against Defendants seeking damages and other relief due to Defendants' violation of Plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 *et seq.* (hereafter "AWPA"), the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (hereafter "FLSA"), and state contract law.

### II. JURISDICTION AND VENUE

**2.** This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

**3.** Jurisdiction over the federal claims in this action is also proper pursuant to 29 U.S.C. §§ 1854(a) and 216(b).

**4.** This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

1

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as well as 29 U.S.C. §§ 1854(a) and 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and Wyoming Code of Civil Procedure § 1-37-102.

### III. PARTIES

**A.** **Plaintiffs:**

7. Plaintiffs are all residents of South Texas who migrated from Texas to Wyoming in the summer of 2016 to look for work.

8. Plaintiffs Alfredo Rodriguez, Janette Rodriquez (Daughter of Alfredo Rodriguez), Leticia Tostado (Daughter of Alfredo Rodriguez), Yesenia Rodriguez (Daughter of Alfredo Rodriguez), G.A.G. (Son of Janette Rodriguez), Gerardo Gonzalez (Son of Alfredo Rodriguez), Clarissa Perez (Niece of Alfredo Rodriguez), Roberto Guzman (Partner of Clarissa Perez), and Emanuel Guzman (Brother of Roberto Guzman) are each migrant agricultural workers and, hereinafter, may be collectively referred to as the "Plaintiffs."

**B.** **Defendants:**

9. Defendant James M. Seckman (herein "Defendant Seckman") resides at 1147 Road 14, Powell, WY 82435, and may be served as his personal residence.

10. Defendant Seckman Farms, Inc. (herein "Defendant Seckman Farms") is a Wyoming corporation and agricultural employer, who, on information and belief, has its principal place of business at 1147 Road 14, Powell, WY 82435. Its registered agent is James M. Seckman located at 1147 Road 14, Powell, WY 82435.

### IV. STATEMENT OF FACTS

11. In the summer of 2016, the Plaintiffs migrated from Texas to Wyoming in search of agricultural work.

12. On June 29, 2016, while Plaintiffs Alfredo Rodriguez and Janette Rodriguez were driving around the Powell area they spotted Defendant Seckman.

13. Plaintiffs Alfredo Rodriguez and Janette Rodriguez approached Defendant Seckman and inquired as to whether he or Defendant Seckman Farms had any work opportunities for their family.

14. Defendant Seckman told Plaintiffs Alfredo Rodriguez and Janette Rodriguez that he and Defendant Seckman Farms (herein collectively "Defendants") did have an opportunity for workers to weed the Defendants' bean fields.

15. Defendant Seckman told Plaintiffs Alfredo Rodriguez and Janette Rodriguez that the Defendants would pay $12.50 per hour for the weeding work.

16. The Plaintiffs accepted the offer to work for the Defendants for $12.50 per hour weeding their bean fields and began working the next day.

17. Defendant Seckman visited the Plaintiffs at the work site almost every day to check up on them and provide them with further instructions regarding work to be done.

18. While Plaintiffs performed the work on the Defendants' farm, Defendants failed to make available for inspection a written statement of the terms and conditions of employment at the work site.

19. While Plaintiffs performed the work on the Defendants' farm, Defendants failed to post a notice explaining the rights of the migrant worker Plaintiffs under the AWPA in a conspicuous place at the work site.

20. While Plaintiffs performed the work on the Defendants' farm, Defendants failed to post a notice explaining the rights of the migrant worker Plaintiffs under the FLSA in a conspicuous place at the work site.

21. While Plaintiffs performed the work on the Defendants' farm, the Defendants did not provide drinking water at the work site.

22. While Plaintiffs performed the work on the Defendants' farm, the Defendants did not provide toilets at or near the work site.

23. On July 13, 2016, Defendant Seckman asked the migrant worker Plaintiffs to submit their hours to be paid.

24. Collectively, the Plaintiffs proved a piece of paper to Defendant Seckman which stated that the family had worked a total of 414.5 hours

25. Defendant Seckman told the Plaintiffs that the amount was "too much" and he could not pay them as promised.

26. Defendants failed to pay Plaintiffs $12.50 per hour as promised.

27. Defendants issued one, sole check, drawn on the account of Defendant Seckman Farms Inc. and signed by Defendant James Seckman, for three thousand dollars ($3000) payable to Plaintiff Alfredo Rodriguez.

28. For each of the Plaintiffs, the Defendants failed to make, keep and preserve accurate records of: (a) the basis on which wages were paid; (b) the number of piecework units earned, if paid on a piecework basis; (c) the number of hours worked; (d) the total pay period earnings; (e) the specific sums withheld and the purpose of each sum withheld; and (f) the net pay.

29. For each of the Plaintiffs, the Defendants failed to ensure that each Plaintiff received a wage statement which included: (a) the basis on which wages were paid; (b) the number of piecework units earned, if paid on a piecework basis; (c) the number of hours worked; (d) the total pay period earnings; (e) the specific sums withheld and the purpose of each sum withheld; and (f) the net pay.

*Hours worked by each Plaintiff*

30. Plaintiff Alfredo Rodriguez worked a total of fifty-seven (57) hours weeding the Defendants' bean fields.

31. Plaintiff Janette Rodriguez worked a total of fifty-two (52) hours weeding the Defendants' bean fields.

32. Plaintiff G.A.G. worked a total of twenty-four (24) hours weeding the Defendants' bean fields.

33. Plaintiff Gerardo Rodriguez worked a total of forty-six (46) hours weeding the Defendants' bean fields.

34. Plaintiff Leticia Tostado worked a total of fifty-one (51) hours weeding the Defendants' bean fields.

35. Plaintiff Yesenia Rodriguez worked a total of fifty-one (51) hours weeding the Defendants' bean fields.

36. Plaintiff Clarissa Perez worked a total of forty-four and one-half hours (44.5) weeding the Defendants' bean fields.

37. Plaintiff Roberto Guzman worked a total of forty-four and one-half hours (44.5) weeding the Defendants' bean fields.

38. Plaintiff Emanuel Guzman worked a total of forty-four and one-half hours (44.5) weeding the Defendants' bean fields.

*Actual pay received by each Plaintiff*

39. Plaintiff Alfredo Rodriguez cashed the sole check issued to him by the Defendants and divided the money among the Plaintiffs.

40. Plaintiffs Alfredo Rodriguez received a total of five hundred and seventy dollars ($570.00), or ten dollars ($10.00) per hour, for his work weeding the Defendants' bean fields.

41. Plaintiff Janette Rodriguez received a total of five hundred and thirty dollars ($530.00), or ten dollars and nineteen cents ($10.19) per hour, for her work weeding the Defendants' bean fields.

33. Plaintiff G.A.G. received a total of three hundred dollars ($300.00), or twelve dollars and fifty cents ($12.50) per hour, for his work weeding the Defendants' bean fields.

34. Plaintiff Gerardo Rodriguez received a total of five hundred dollars ($500.00), or ten dollars and eighty-seven cents ($10.87) per hour, for his work weeding the Defendants' bean fields.

35. Plaintiff Leticia Tostado received a total of two hundred and fifty dollars ($250.00), or four dollars and ninety cents ($4.90) per hour, for her work weeding the Defendants' bean fields.

36. Plaintiff Yesenia Rodriguez received a total of two hundred and fifty dollars ($250.00), or four dollars and ninety cents ($4.90) per hour, for her work weeding the Defendants' bean fields.

37. Plaintiff Clarissa Perez received a total of two hundred dollars ($200.00), or four dollars and forty-nine cents ($4.49) per hour, for her work weeding the Defendants' bean fields.

38. Plaintiff Roberto Guzman received a total of two hundred dollars ($200.00), or four dollars and forty-nine cents ($4.49) per hour, for his work weeding the Defendants' bean fields.

39. Plaintiff Emanuel Guzman received a total of two hundred dollars ($200.00), or four dollars and forty-nine cents ($4.49) per hour, for his work weeding the Defendants' bean fields.

### V. PLAINTIFFS' CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Violation of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. 1800 *et seq.*)**

42. Plaintiffs hereby incorporate paragraphs 1-39 as if fully stated herein.

43. At all times relevant to this action, each Plaintiffs was a "migrant agricultural worker" within the meaning of 29 U.S.C. § 1802(8)(A).

44. At all times relevant to this action, Defendant Seckman was an agricultural employer within the meaning of 29 U.S.C. § 1802(C).

45. At all times relevant to this action, Defendant Seckman Farms was an agricultural employer within the meaning 29 U.S.C. § 1802(C).

46. Each of the Defendants employed the Plaintiffs within the meaning of 29 U.S.C. § 1802(5)(g) during the course of their employment at Seckman Farms, Inc.

47. The Defendants intentionally violated Plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act (herein "AWPA") by, *inter alia:*

   a. Failing to post, in a conspicuous place at the work locations, information concerning the migrant worker Plaintiffs' rights under the AWPA in violation of 29 U.S.C. § 1821(b);

   b. Failing to "make, keep, and preserve records for three years": (a) the basis on which wages were paid; (b) the number of piecework units earned, if paid on a piecework basis; (c) the number of hours worked; (d) the total pay period earnings; (e) the specific sums withheld and the purpose of each sum withheld; and (f) the net pay in violation of 29 U.S.C. § 1821(d)(1);

   c. Failing to provide to each migrant worker Plaintiff, an itemized statement with the information as required by 29 U.S.C. § 1821(d)(2); and

   d. Violating the working arrangement in violation of 29 U.S.C. § 1822(c)(2).

48. Pursuant to 29 U.S.C. § 1854 (c)(1), the Plaintiffs are entitled to an award up to and including an amount equal to the amount of actual damages, or statutory damages of up to $500 per plaintiff per violation, or other equitable relief.

## SECOND CAUSE OF ACTION
**(Violation of the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.*)**

49. Plaintiffs hereby incorporate paragraphs 1-39 as if fully stated herein.

50. At all times relevant to this action, each of the Defendants was an employer of the Plaintiffs as defined by 29 U.S.C. § 203(d) within the Fair Labor Standards Act (herein "FLSA").

51. At all times relevant to this action, Defendant Seckman Farms was an enterprise engaged in commerce or the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

52. The Plaintiffs are employees as defined by 29 U.S.C. § 203(e)(1).

53. The Plaintiffs do not fall under any of the exemptions defined in 29 U.S.C. § 213.

54. At all times relevant to this action, Defendants employed the Plaintiffs as defined by 29 U.S.C. § 203(g).

55. At all times relevant to this action, the federal minimum wage was $7.25 per hour.

56. During the summer of 2016, Defendants failed to pay the migrant worker Plaintiffs the federal minimum wage for each hour worked by the migrant worker Plaintiffs in violation of 29 U.S.C. § 206(a)(1)(C).

57. Pursuant to 29 U.S.C. § 216(b), the migrant worker Plaintiffs are entitled to recover their unpaid minimum wages, an additional equal amount in liquidated damages, reasonable attorney's fees and costs of this action.

### THIRD CAUSE OF ACTION
**(Breach of Contract)**

58. Plaintiffs hereby incorporate paragraphs 1-39 as if fully stated herein.

59. On June 30, 2016, Defendants offered and promised to pay the Plaintiffs $12.50 per hour for each hour worked weeding Defendants' bean fields.

60. The Plaintiffs accepted Defendants' offer.

61. Upon acceptance, the Plaintiffs ceased to seek other employment opportunities in order to fulfill their promise to the Defendants.

62. Defendants failed to pay each Plaintiff $12.50 per hour for each hour worked.

63. Defendants' breach of the contract caused migrant worker Plaintiffs to incur economic harm.

64. Plaintiffs bring forth this cause of action pursuant to Wyoming contract law.

65. Plaintiffs are entitled to recover the difference between the wages they actually received and the promised wage of $12.50 per hour for each hour worked weeding the Defendants' bean fields.

66. Pursuant to Wyoming Code of Civil Procedure sections 1-14-124 and 1-14-126(b), Plaintiffs are also entitled to recover costs and attorney's fees for the Defendants' breach of contract.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of the Plaintiffs and grant them the following relief:

  a. Award Plaintiffs up to and including an amount equal to the amount of actual damages, or statutory damages of up to $500 per plaintiff per violation, or other equitable relief, whichever is greater, for the Defendants' violations of the AWPA;

  b. Award Plaintiffs their unpaid minimum wages, plus an equal amount in liquidated damages, for the Defendants' violation of the FLSA;

c. Award Plaintiffs damages resulting from Defendants' breach of contract;

d. Award Plaintiffs their attorney's fees, reasonable expenses and costs;

e. Award Plaintiffs costs of the court; and

f. Award Plaintiffs all such other relief as this Court deems just and proper.

Respectfully Submitted,

RICK MARTINEZ WSB # 6-3885
DEPUTY DIRECTOR
LEGAL AID OF WYOMING, INC.
1813 CAREY AVE.
CHEYENNE, WY 82001
TELEPHONE: (307)432-0807 EX. 324

*Attorney for Plaintiffs*